IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL NO. 1:23-cv-997 |
| v. | * | |
| | * | |
| **$138,427 in U.S. CURRENCY,** | * | |
| **$1,071.14 in MONEY ORDERS, NINE** | * | |
| **PIECES OF ASSORTED JEWELRY,** | * | |
| **TWO FIREARMS, and 46 ROUNDS** | ****** | |
| **of AMMUNITION** | | |

**Defendants *In Rem*.**

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Steven T. Brantley, Assistant United States Attorney, brings this verified complaint for forfeiture in a civil action *in rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

Nature of the Action

1.  This is a civil forfeiture action *in rem* against $138,427 in seized U.S. currency, three money orders totaling $1,071.14, nine pieces of assorted jewelry, two firearms, and approximately 46 rounds of ammunition (collectively, the "Defendant Property") that constitute proceeds traceable to an exchange of controlled substances or moneys or firearms and ammunition used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) and (11).

1

## The Defendants *In Rem*

2. The Defendant Property consists of:

   a. $138,427.00 in U.S. currency seized from Nicholous Read's former residence in Westminster, Maryland, during the execution of a search warrant on December 2, 2021 (Asset ID: 22-DEA-686254);

   b. three Western Union money orders totaling $1,071.14, seized from Nicholous Read on December 2, 2021 (Asset ID: 22-DEA-687154);

   c. Nine pieces of assorted jewelry seized from Nicholous Read's former residence in Westminster, Maryland, during the execution of a search warrant on December 2, 2021, specifically:

      i. Two gold and diamond encrusted Rolex watches (Asset ID: 22-DEA-687011);

      ii. Three gold necklaces and one gold bracelet (Asset ID: 22-DEA-687094);

      iii. One gold cross necklace pendant (Asset ID: 22-DEA-687037);

      iv. One diamond necklace (Asset ID: 22-DEA-687126);

      v. One gold horseshoe ring (Asset ID: 22-DEA-687046);

   d. One Cobray M-11 9mm handgun, serial number 94-0030274 (Asset ID: 22-DEA-687445);

   e. One Ruger LCP .380 automatic handgun with silver side with magazine, serial number illegible (Asset ID: 22-DEA-687451); and

   f. approximately 46 rounds of .380 caliber ammunition (Asset IDs: 22-DEA-687312, 22-DEA-687317).

3. The Defendant Property is presently in the custody of the United States Marshal Service in the State of Maryland.

4. The United States brings this action *in rem* in its own right to forfeit all right, title and interest in the Defendant Property.

5. This forfeiture is based on, but not limited to, the evidence outlined in the attached Declaration of DEA Task Force Officer Steven Vinias, which is incorporated herein by reference.

## Jurisdiction and Venue

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

7. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## Legal Basis for Forfeiture

9. The Defendant Property is subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6) and (11) because it constitutes: (i) moneys furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; (iii) moneys used or intended to be used to facilitate a violation of

the Controlled Substances Act, or (iv) firearms and ammunition used or intended to be used to facilitated the transportation, sale, receipt, possession, or concealment of controlled substances.

**WHEREFORE**, Plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Property be cited to appear herein and answer the Complaint; that the Defendant Property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the Defendant Property according to law; and that the plaintiff receive such other and further relief as this Court deems proper and just.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/s/_____
Steven T. Brantley
Assistant United States Attorney

## **VERIFICATION**

       I, Steven Vinias, a Task Force Officer with the U.S. Drug Enforcement Administration, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything contained therein is trued and correct to the best of my knowledge and belief.

Date:  April 12, 2023

*Steven Vinias*

Steven Vinias
Task Force Officer
U.S. Drug Enforcement Administration

## DECLARATION

I, Steven Vinias, Task Force Officer of the U.S. Drug Enforcement Administration, do hereby declare:

### Introduction and Agent Background

1.   I am deputized as a Task Force Officer (TFO) with the DEA and have been a TFO since February 2019.  I am currently assigned to the Tactical Diversion Squad of DEA's Baltimore District Office.  I have also been employed with the Howard County Police Department since 2016, and currently hold the rank of Detective First Class with that department.  Prior to this, I was a sworn police officer with the Baltimore City Police Department from 2011 until 2016.

2.   I have participated in numerous investigations involving criminal activity including, but not limited to, narcotics, violent crimes, and firearms violations.  I have conducted numerous in-depth narcotics investigations using confidential sources and confidential informants. Through my training and experience, I am familiar with the methods narcotics traffickers use to manufacture and distribute narcotics, and the methods by which narcotics trafficking instrumentalities and proceeds, including cash and jewelry, are used and stored.

### Purpose of this Declaration

3.   This declaration is submitted in support of a complaint for forfeiture *in rem* of $138,427 in U.S. currency, pieces of assorted jewelry, three money orders totaling $1,071.14, two firearms, and approximately 46 rounds of .380 ammunition (collectively the "Defendant Property"), seized from Nicholous Read during his arrest and during the execution of a search and seizure warrant at his residence in Westminster, Maryland.

4.   I submit that there are sufficient facts to support a reasonable belief that the Defendant Property constitutes (1) money, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled

1

Substances Act; (2) proceeds traceable to such an exchange; (3) money, negotiable instruments, or securities used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, or (4) firearms and ammunition used or intended to be used to facilitated the transportation, sale, receipt, possession, or concealment of controlled substances, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## Factual Summary

*Initial investigation into Nicholous Read Drug Trafficking*

5.      In June 2018, DEA investigators received information from a confidential source ("CI-1") stating that Nicholous Read was selling counterfeit prescription pills that contained fentanyl and other ingredients. According to CI-1, the pills were stamped with "K8" to resemble Percocet 15mg, a prescription pharmaceutical product. CI-1 also stated that Defendant lived in Westminster, Maryland (the "Westminster Residence") and accompanied investigators to the location. Investigators then subpoenaed Comcast records showing that Read had been the accountholder for the Westminster Residence since July 2017.

6.      In March 2020, investigators learned that kilogram quantities of dicalcium phosphate were purchased from a company selling pill-making ingredients and equipment by someone using the email address "nickreadd32@gmail.com" and shipped to an address associated with Read's relatives in Clarksville, Maryland. Dicalcium phosphate is a substance that is known to be used as an ingredient to manufacture pills. Based on the quantities of dicalcium phosphate purchased, investigators believed Nicholous Read to be a large volume manufacturer and distributor of counterfeit pills. Investigators obtained federal and state search warrants to review the contents of several of Read's electronic accounts. The search warrant returns showed Read was conducting internet searches for videos of individuals pressing pills and information about the appearances of prescription drugs.

*Search of Nicholous Read's Residence*

7. On December 2, 2021, investigators executed a search warrant at the Westminster Residence.

8. While searching the Westminster Residence, investigators found and seized numerous items, including but not limited to the following:

    a. From a main-level hallway closet:

        i. a currency counter machine

        ii. a box of plastic "food saver" bags

    b. From the master bedroom:

        i. Numerous documents bearing Nicholous Read's name.

        ii. Part of a pill press

        iii. Handheld tablet press and binder

        iv. 11 cellular telephones

        v. one Ruger LCP .380 automatic handgun with silver side with magazine, serial number illegible, with one round of .380 automatic ammunition in the chamber

        vi. approximately 45 rounds of Federal .380 ammunition

        vii. one Cobray M-11 9mm handgun, serial number 94-0030274

    c. From the basement:

        i. two plastic Tupperware containers containing approximately 120 grams of a white powdered substance that field-tested presumptively positive for fentanyl;

        ii. pill-pressing and stamping equipment;

    d. The following items were seized from a safe located in the garage of the Westminster Residence:

        i. more than 10,000 different colored pills stored in plastic baggies packed into

    plastic Tupperware containers;

    ii.    two bottles containing a red liquid substance;

    iii.    approximately $138,427 of U.S. currency stored in rubber-banded stacks; and

    iv.    nine pieces of assorted gold and diamond jewelry, further described as follows:

1. 18k gold Rolex Day-Date II Diamond Watch
2. 18k gold Rolex Day-Date Diamond Watch
3. 14k gold Cuban Link Necklace
4. 14k gold Cuban Link Chain
5. 14k gold Cuban Link Bracelet
6. 14k gold Cuban Link Chain
7. Gold Plated CZ Tennis Necklace
8. Gold Plated & C.Z. "Phroezn" Cross
9. 14k gold Diamond Horseshoe Ring

9. The substances found in the residence were sent to chemical labs for analysis. The pills found in the safe were analyzed as containing fentanyl in total quantities exceeding 400 grams. Fentanyl is a Schedule II controlled substance. The large quantities of pills, and the pill press, indicate the manufacture of fentanyl pills for distribution. The $138,427 in U.S. currency stored in rubber-banded stacks located with the pills in the safe is consistent with how narcotics traffickers package and store drug proceeds. The nine assorted items of jewelry located with the narcotics and large amount of cash in the safe is consistent with how narcotics traffickers often store items purchased with drug proceeds and use/wear expensive-looking jewelry during the course of drug trafficking. The two firearms and ammunition located in the bedroom is consistent with how

narcotics traffickers frequently keep firearms in their homes for protection while engaged in drug trafficking.

*Arrest of Nicholous Read*

10. While the search warrant was being executed at the Westminster Residence, another group of investigators were conducting surveillance on Read, who was located at the Beltway Motel in Halethorpe, Maryland. Investigators were granted search warrants for Read's person and his 2015 Lexus. At approximately 6:50am, investigators knocked on Read's motel room door, where Read was present along with another individual. They searched Read and found $6,471[1] in U.S. currency and a total of $1,071.14 in three Western Union money orders. The 2015 Lexus was parked at the same motel where Read was found. In the engine compartment of the vehicle, investigators found blue pills that resembled those seized from the safe in the Westminster Residence, and which were packaged in a similar manner. The amount of cash and the money orders found on Read's person is consistent with how narcotics traffickers often carry monies used to facilitate drug transactions. The pills found in the engine compartment of Read's Lexus is consistent with how narcotics traffickers often conceal and transport narcotics.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this  12   day of April, 2023.

*Steven Vinias*
_____
Steven Vinias
Task Force Officer
Drug Enforcement Administration

---

[1] The $6,471 in cash was previously administratively forfeited by the DEA, along with numerous other items seized from the Westminster Residence.